**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 17-60099-CV-UNGARO**

ERIC LEMOINE and
TTC PERFORMANCE PRODUCTS, INC.,

      Plaintiffs,

vs.

JASON WONG, and
HURRICANE BUTTERFLY HOLDINGS,
INC.,

      Defendants.

_____/

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**
**AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE, AND**
**MEMORANDUM IN SUPPORT**

## <u>TABLE OF CONTENTS</u>

I.   BACKGROUND ...............................................................................................................1

II.  ARGUMENTS AND AUTHORITIES.....................................................................................3

    A.   The Amended Complaint Should be Dismissed As to Both Defendants, Because the Court Lacks Personal Jurisdiction Over Each of Them...........................................................3

        1.   Plaintiff's Complaint Does Not Allege Facts Supporting Long-Arm Jurisdiction...........3

        2.   Plaintiffs  No Minimum Contacts with the State of Florida............................................4

    B.   This Action Should be Dismissed under the Doctrine of *Forum Non Conveniens*..............5

        1.   There is an Adequate Alternative Forum Available for this Case....................................5

        2.   The Private Interest Factors Weigh In Favor of Dismissal. ............................................6

        3.   The Public Interest Factors Weigh in Favor of Dismissal...............................................6

        4.   Reinstatement of Suit in a Proper Forum is Available to Plaintiffs................................7

    C.   This Action Should Be Transferred to the Western District of Washington ......................7

        1.   This action could have been brought in the Western District of Washington.................7

        2.   The balance of the factors favors transfer to the Western District of Washington...........8

            a.   The convenience of the witnesses favors transfer.......................................................8

            b.   The location of the relevant documents and the relative ease of access to sources of proof favors transfer. ........................................................................................................9

            c.   The convenience of the parties favors transfer. .........................................................9

            d.   The locus of operative facts favors transfer............................................................10

            e.   The availability of process to compel the attendance of unwilling witnesses favors transfer. ............................................................................................................................11

            f.   Plaintiff's choice of forum is entitled to less deference. ...........................................11

            g.   The interests of justice factor favors transfer...........................................................11

III.  PRAYER FOR RELIEF ...............................................................................................12

**CERTIFICATE OF SERVICE** ............................................................................................13

COME NOW Defendants, Jason M. Wong and Hurricane Butterfly Holdings, Inc., ("HB Holdings"), by and through its undersigned counsel, and hereby respectfully moves this Court to (1) dismiss this Case, with prejudice pursuant to Rule 12 of the Federal Rules of Civil Procedure for lack of personal jurisdiction over Defendants and improper venue, or (2) in the alternative, to transfer venue to the proper and more convenient forum of the U.S. District Court for the Western District of Washington, Seattle Division.

I.      BACKGROUND

Plaintiffs Eric Lemoine and TTC Performance Products, Inc. ("TTC"), filed this lawsuit in the Southern District of Florida on January 16, 2017.  *See* Doc. 1.  In their Complaint, Plaintiffs make only the following broad, boilerplate allegations regarding personal jurisdiction:

> 4. This Court has *in personam* jurisdiction over HBH pursuant to FLA. STAT. § 48.193, in that: (a) HBH is residing, operating, conducting, engaging or carrying on a business, in the State of Florida; (b) HBH has committed tortious acts within the State of Florida; and (c) HBH is engaged in substantial and not isolated activity within the State of Florida.

Doc. 1 at ¶ 4.  This language aligns with subsections (1)(a)(1-3) of Fla. Stat. § 48.193.  In its Complaint, Plaintiffs provide no basis for their allegations that either Mr. Wong or HB Holdings: (1) resides, operates, conducts, engages, or carries on a business in the state of Florida; (2) has committed a tortious act within the State of Florida; or (3) has engaged in substantial and not isolated activity within the State of Florida.  In fact, in direct contradiction of at least the first allegation, the Complaint states that both Defendants reside in the State of Washington.  *See id.* at ¶ 7.

However, neither Mr. Wong nor HB Holdings has any connections to this District or the State of Florida.  Jason Wong is a resident of the State of Washington.  *See* Declaration of Jason Wong, attached hereto as Exhibit 1, at ¶ 2.  Mr. Wong does not reside in the State of Florida, and he has never resided in the State of Florida.  *Id.* at ¶ 3.  Mr. Wong does not regularly travel to the State of Florida, and he has only ever been in the State of Florida on one occasion, for the purposes of a personal vacation while on temporary post-deployment leave from the United States Army, approximately 11 years ago.  *Id.* at ¶ 4.  Mr. Wong has no personal contacts with, and other than the above-referenced visit has never had personal contacts with, the State of Florida.  *Id.* at ¶ 5. Mr. Wong does not do personal business in the State of Florida, and he never conducted personal business in the State of Florida.  *Id.* at ¶ 6.  He does not maintain an office in the State of Florida

and has never maintained an office in the State of Florida.  *Id.* at ¶ 7.  Lastly. Mr. Wong does not own or lease property within the State of Florida, and he has never owned or leased property within the State of Florida.  *Id.* at ¶ 8.

Similarly, HB Holdings is a corporation incorporated and registered in the State of Washington, with its principal place of business and registered agent located at 1148 Industry Drive, Tukwila, Washington 98188.  *Id.* at ¶ 10.  HB Holdings has no contacts with, and has never had contacts with, the State of Florida.  Ex. 1 at ¶ 11.  HB Holdings does not do business in the State of Florida and has never conducted business in the State of Florida.  *Id.* at ¶ 12.  HB Holdings does not maintain an office in the State of Florida and has never maintained an office in the State of Florida.  *Id.* at ¶ 13.  HB Holdings does not advertise in the State of Florida and has never advertised in the State of Florida.  *Id.* at ¶ 14.  HB Holdings does not have any employees in the State of Florida and has never had employees in the State of Florida.  *Id.* at ¶ 15.

As with Mr. Wong, HB Holdings does not own or lease property within the State of Florida and has never owned or leased property within the State of Florida.  *Id.* at ¶ 16.  HB Holdings does not have a bank account in the State of Florida and has never had a bank account in the State of Florida.  *Id.* at ¶ 17.  HB Holdings does not sell or distribute products or provide services to any person in the State of Florida and has never distributed products or provided services to any person in the State of Florida.  *Id.* at ¶ 18.  Finally, HB Holdings does not communicate or contract with any person or entity in the State of Florida and has never contracted with any person or entity in the State of Florida.  *Id.* at ¶ 19.

In summary, all of HB Holdings' business activities in the United States occur in the State of Washington; none of its business activities occur in the State of Washington.  *Id.* at ¶ 21. Specifically, any documents related to the accused TYPHOON 12 shotgun product that are in the possession, custody or control of HB Holdings or are likely to be relevant to the present lawsuit are located in Tukwila, Washington, in the Western District of Washington.  *Id.* at ¶ 23. There are  no documents relevant to Plaintiff's infringement accusations that are located in the State of Florida, including in the Southern District of Florida.  *Id.*

Tukwila, Washington is approximately 2,714 miles from Ft. Lauderdale, Florida, where the above-captioned case is currently pending.  Because Mr. Wong does not otherwise travel to Florida, it would be an undue burden and material hardship for him to travel to Ft. Lauderdale, Florida to participate in proceedings in this case.  Conversely, Tukwila, Washington is

approximately 11 miles by car from Seattle, Washington, to where Defendants seek to have this case transferred if it is not duly dismissed by the Court. *Id.* at ¶ 25. Seattle, Washington is a much more convenient forum for Defendants, and any necessary or knowledgeable witnesses having relevant knowledge or information about the accused TYPHOON 12 product, in which to participate in these proceedings. *Id.* at ¶ 26.

II.    ARGUMENTS AND AUTHORITIES

   **A. The Amended Complaint Should be Dismissed As to Both Defendants, Because the Court Lacks Personal Jurisdiction Over Each of Them.**

   Plaintiff's Complaint against Defendants must be dismissed, because this Court does not have personal jurisdiction over Mr. Wong or HB Holdings. There is a two-step analysis to determine whether this Court has personal jurisdiction over HB Holdings. First, this Court must determine whether the Complaint alleges sufficient jurisdictional facts to subject Mr. Wong or HB Holdings to long-arm jurisdiction under Fla. Stat. §48.193. *Vance v. Tire Eng'g and Distrib.*, 32 So.3d 774, 776 (Fla. 2nd DCA 2010). Only if Plaintiffs meet this first requirement does this Court need to consider whether Plaintiffs have demonstrated that Defendants have sufficient contacts with Florida to satisfy constitutional due process requirements. *Id.* If the Complaint fails to allege facts sufficient to assert long-arm jurisdiction over Defendants, the Court need not reach the issue of whether Defendants have the requisite minimum contacts with the State of Florida. *Id.*; *See Ernie Passeos, Inc. v. O'Halloran*, 855 So.2d 106, 108 (Fla. 2nd DCA 2003); *Hewitt v. Taffee*, 673 So.2d 929, 932 (Fla. 5th DCA 1996).

   1.    Plaintiff's Complaint Does Not Allege Facts Supporting Long-Arm Jurisdiction.

   Plaintiff's Complaint alleges no facts that would grant this Court personal jurisdiction over HB Holdings under Florida's Long-Arm Statute. Plaintiff's sole allegation on jurisdiction, reproduced in full above, provides no basis for Florida long-arm jurisdiction. The first and third allegations, that HB Holdings resides, operates, conducts, engages, or carries on a business in the State of Florida or has engaged in substantial and not isolated activity within the State of Florida, are false. As acknowledged in Plaintiffs' own Complaint, Mr. Wong and HB Holdings are residents of the State of Washington, not the State of Florida, and HB Holdings does not reside, operate, conduct, engage, or carry on business in the State of Florida. *See* Ex. 1 at ¶¶ 9-20.

   Similarly, the complaint has no allegation that HB Holdings has engaged in substantial and not isolated activity within the State of Florida. Construing the complaint liberally, there is a mere

3

one alleged activity that HB Holdings has conducted in the State of Florida, namely, purchasing a single item from Plaintiffs.  Doc. 1, ¶ 18.  A single instance of activity is, by definition, "isolated activity."  Finally, Plaintiff has identified no "tortious act" committed by either Defendant and related to the cause of action that caused any injury to Plaintiffs in the State of Florida. Accordingly, the complaint must be dismissed for lack of personal jurisdiction.

>    2.    Plaintiffs  No Minimum Contacts with the State of Florida.

Even if Plaintiff had alleged sufficient facts to subject Defendants to Florida's jurisdiction under the long-arm statute, neither Defendant has sufficient minimum contact to the State of Florida to comport with the requirements of Due Process.  *See Greentree Fin. Group, Inc. v. Long Fortune Valley Tourism*, 824 F. Supp. 2d 1363 (dismissing for lack of personal jurisdiction due to lack of minimum contacts) (Ungaro, J.).  Even if a nonresident appears to fall within the wording of a long arm statute, a plaintiff may not constitutionally apply the statute to obtain jurisdiction in the absence of the requisite minimum contacts with the forum state. *Harlo Products Corp. v. Case Co.,* 360 So.2d 1328 (Fla. 1st DCA 1978); *Jack Pickard Dodge, Inc. v. Yarbrough,* 352 So.2d 130 (Fla. 1st DCA 1977).  "The mere proof of any one of the several circumstances enumerated in Fla. Stat. § 48.193 as the basis for obtaining jurisdiction of nonresidents does not automatically satisfy the due process requirement of minimum contacts." *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 503 (Fla.1989).

The Eleventh Circuit has adopted a three-part test for evaluating minimum contacts.  "First, the contacts **must be related to the plaintiff's cause of action**[.]  Second, the contacts **must involve some act** by which the defendant purposefully avails itself of the privilege of conducting activities within the forum[.] Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there."  *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1220 (11th Cir. 1999) (emphasis added).  "The plaintiff bears the burden of making out a *prima facie* case for personal jurisdiction by presenting sufficient evidence to withstand a directed verdict motion."  *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).  Even when there is contact with the forum state, it still may not rise to the level of conferring personal jurisdiction. There must "be some act by which the defendant purposefully avails itself to the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Reiss v. Ocean World, S.A.*, 11 So.3d 404, 407 (Fla. 4th DCA 2009) (citing *Burger King* at 475).

Subjecting Defendants to personal jurisdiction in this Court would violate the Due Process Clause of the Fourteenth Amendment. There are no meaningful contacts between either Mr. Wong or HB Holdings and Florida that could give rise to personal jurisdiction  Mr. Wong is a resident of the State of Washington, and HB Holdings is incorporated in the State of Washington with a principle place of business in Washington. Ex. 1 at ¶¶ 2, 10. Neither Mr. Wong nor HB Holdings does business in the State of Florida. *Id*. at ¶¶ 6, 12-20. HB Holdings does not advertise in the State of Florida. *Id*. at ¶ 14. HB Holdings has no offices or employees in Florida. *Id*. at ¶¶ 13, 15. Neither Mr. Wong nor HB Holdings leases or owns property in the State of Florida. *Id.* at ¶¶ 8. 16. HB Holdings has no bank accounts in the State of Florida. *Id*. at ¶ 17. HB Holdings does not sell or distribute products in the State of Florida and has never sold or distributed any products, including the product accused of infringement by Plaintiffs, in the State of Florida. *Id.* at ¶ 18. In short, Defendants have no contacts with the State of Florida and categorically no reason to anticipate being haled into court in this State. Plaintiff's Complaint should be dismissed because this Court lacks personal jurisdiction over HB Holdings.

**B. This Action Should be Dismissed under the Doctrine of *Forum Non Conveniens*.**

Under the doctrine of *forum non conveniens*, a district court has the inherent power to decline to exercise jurisdiction even when venue is proper. *See Gulf Oil v. Gilbert*, 330 U.S. 501, 506-07 (1946). To obtain dismissal under the doctrine, "the moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private interest factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310-11 (11th Cir. 2001).

1.   There is an Adequate Alternative Forum Available for this Case.

"Ordinarily, [the availability] requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft*, 454 U.S., at 255 n.22 (quoting *Gilbert*, 330 U.S., at 506-07). Here, there can be no reasonable dispute that Mr. Wong and HB Holdings are amenable to process in the Western District of Washington, and HB Holdings has stipulated to such jurisdiction. *See*  Ex. 1 at ¶¶ 6, 20, 25.

An alternative forum is "presumed 'adequate' unless the plaintiff makes some showing to the contrary." *Leon*, 251 F.3d, at 1312. "An adequate forum need not be a perfect forum." *Satz*, 244 F.3d, at 1283. However, "where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative…" *Piper Aircraft*, 454 U.S., at

255 n.22. TCC would have access to any rights and remedies in the Western District of Washington as it would have in the Southern District of Florida.

    2.    <u>The Private Interest Factors Weigh In Favor of Dismissal.</u>

The private interest factors to be considered include:

> the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining the attendance of willing, witnesses; possibility for view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Piper Aircraft*, 454 U.S., at 241 n.6 (quoting *Gilbert*, 330 U.S., at 508).

    Each of the private interest factors weighs in favor of dismissal.  There are no sources of proof of Plaintiffs' infringement allegations in the Southern District of Florida. Ex. 1 at ¶ 23.  In fact, to the contrary, all of the documents related to the accused TYPHOON 12 shotgun product that are likely to be relevant to the present lawsuit are located in Tukwila, Washington in the Western District of Washington.  *Id.*  Moreover, any knowledgeable witnesses as to the development, manufacture, alleged sales, and alleged offers to sell the accused product are located in the Western District of Washington or, as even Plaintiffs concede in their own Complaint[1], in China.  There is no dispute that Tukwila, Washington and China are far closer to, more accessible from, and less expensive to reach from Seattle, Washington that Ft. Lauderdale, Florida.

    3.    <u>The Public Interest Factors Weigh in Favor of Dismissal.</u>

The public interest factors to be considered include:

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness in burdening citizens in an unrelated forum with jury duty.

*Piper Aircraft*, 454 U.S., at 241 n.6 (internal quotation marks omitted) (quoting *Gilbert*, 330 U.S., at 509).  As set forth *supra*, Mr. Wong and HB Holdings are residents of Washington State. Ex. 1 at ¶¶ 2, 10.  HB Holdings has no contacts with the State of Florida, and none of its business activities are conducted in Florida.  *Id*. at ¶¶ 11-20.

---

[1]  "HBH is using a Chinese manufacturer to produce the infringing shotguns."  Doc. 1 at ¶ 24.

    4.    <u>Reinstatement of Suit in a Proper Forum is Available to Plaintiffs.</u>

Finally, because the statute of limitations has not run, Plaintiffs can reinstate their suit in the Western District of Washington "without undue inconvenience or prejudice." *Leon*, 251 F.3d at 1310-11. Accordingly, the Court should dismiss this case under the doctrine of *forum non conveniens*.

**C. This Action Should Be Transferred to the Western District of Washington**

In the event that the Court does not duly dismiss this case for lack of personal jurisdiction over Defendants and/or improper venue, Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." When conducting a venue transfer analysis, a court first determines whether the action "might have been brought" in the transferee forum. *Id.*

Next, the court determines whether "the convenience of the parties and witnesses" and "the interest of justice" favor transfer. Id. In so doing, nine factors are evaluated: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attending of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

The trial court has broad discretion in deciding a motion to transfer venue under section 1404. *England v. ITT Thompson Industries Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988). A motion to transfer should be granted if the balance of the factors favors transfer. *See Tommy Bahama Group, Inc. v. The Walking Co.*, 2007 U.S. Dist. LEXIS 83136, at \*12 (N.D. Ga. 2007) (granting motion to transfer because balance of factors favored transfer).

    1.    <u>This action could have been brought in the Western District of Washington</u>.

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides …." 28 U.S.C. § 1400(b). Under § 1400(b) a corporate defendant "resides" in a district in which it is subject to personal jurisdiction. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990). Because the Complaint concedes that HB Holdings' principal place of business is in Tukwila, Washington, which is within the Western District of

Washington, HB Holdings is subject to personal jurisdiction and "resides" there under § 1400(b), as does Mr. Wong. *See* Doc. 1 at ¶ 7; Ex. 1 at ¶¶ 2, 10. In addition, subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 applies with equal force in both districts. Accordingly, this action could have been brought in the Western District of Washington.

      2.      The balance of the factors favors transfer to the Western District of Washington.

The balance of the factors favors transfer to the Western District of Washington for the "convenience of parties and witnesses" and "the interests of justice." 28 U.S.C. § 1404(a). Aside from Plaintiffs' choice of forum, all other factors weigh in favor of transfer or are neutral. Specifically, the convenience of the witnesses, the location of the relevant documents, the convenience of the parties, the locus of operative facts, and the availability of process weigh in favor of transfer. The remaining factors—the relative means of the parties, a forum's familiarity with governing law, and trial efficiency and the interests of justice—are neutral. Therefore, the balance of the factors weighs in favor of transfer to the Western District of Washington.

      a.      The convenience of the witnesses favors transfer.

"The most important factor … is the convenience of witnesses." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 842 F. Supp. 2d 1360, 1366 (N.D. Ga. 2012) (citation omitted). "Additionally, party witnesses are assumed to be more willing to testify in a different forum than non-party witnesses. Thus, the convenience of non-party witnesses carries more weight on a district court's decision to transfer." *Fusionbrands, Inc. v. Suburban Bowery of Suffern, Inc.*, No. 1:12-cv-0229, 2013 WL 5423106, at *7 (N.D. Ga. Sept. 26, 2013) (*citing Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004)).

This factor weighs in favor of transfer because key non-party witnesses, such as the individuals responsible for or knowledgeable of the design, development and manufacture of the only product Plaintiffs are accusing of infringement are located either in Washington State or in China, much closer to the Western District of Washington than to the Southern District of Florida. *See* Doc. 1 at ¶ 24; Ex. 1 at ¶¶ 2, 10, 23-26. Such witnesses would be inconvenienced by having to travel over 2,700 miles to this District. Thus, this factor weighs in favor of transfer. *See, e.g.*, *Haworth, Inc. v. Herman Miller, Inc.*, 821 F. Supp. 1476, 1479 (N.D. Ga. 1992) (presence of key non-party witnesses favored transfer); *Merial Ltd. v. Intervet, Inc.*, No. 3:08-cv-121 (CDL), 2010 WL 942294, at *2 (M.D. Ga. March 11, 2010) (same).

This factor also weighs in favor of transfer because Mr. Wong and any relevant employees of HB Holdings, who are each accused of infringing the asserted patent, are also located leagues closer to Seattle (in the Western District of Washington) than to Ft. Lauderdale. *See* Ex. 1 at ¶¶ 2, 9, 23-26. *See Merial*, 2010 WL 942294, at *4 (finding that the convenience of the witnesses slightly favored transfer even though employee witnesses were located in the transferor forum, because most of the non-party witnesses were located in the transferee forum). Accordingly, the convenience of the witnesses favors transfer to the Western District of Washington.

      b.  <u>The location of the relevant documents and the relative ease of access to sources of proof favors transfer.</u>

Courts in the Eleventh Circuit have held in a patent infringement case that the vast majority of documents would likely be related to defendant's allegedly infringing activities. *Joao Bock Transaction Systems, LLC v. Optionhouse, LLC*, Case No. 1:12-cv-028590-AT (Dkt. 30), slip op. at 7 (N.D. Ga. Mar. 29, 2013) (citing *Rigby v. Flue-Cured Tobacco Coop. Stabilization Corp.*, No. 7:05-CV-122(HL), 2006 WL 1312412, at *5 (M.D. Ga. May 11, 2006)). In that case, because such documents were located in the transferee forum, the court held that this factor weighed in favor of transfer, notwithstanding the burden imposed on plaintiff from having to transfer its documents to the transferee forum. *Id.*

Here, like the situation in *Joao Bock Transaction*, the vast majority of documents produced in this case will likely be related to Mr. Wong's and HB Holdings' allegedly infringing activities. Most of those documents are located at HB Holdings' principal place of business 11 miles from Seattle, Washington, squarely within the Western District of Washington, or even further from South Florida in China. *See* Ex. 1 at ¶¶ 22-25; Doc. 1 at ¶ 24. For these reasons, "the location of the relevant documents and the relative ease of access to sources of proof" weighs in favor of transfer. *See Joao Bock Transaction*, Case No. 1:12-cv-028590-AT, slip op. at 7 (holding that this factor favored transfer because the vast majority of documents produced in that case would likely be related to defendant's allegedly infringing activities and those documents were located in the transferee forum).

      c.  <u>The convenience of the parties favors transfer.</u>

It is more inconvenient for Defendants to travel to this District than it is for Plaintiffs to travel to the Western District of Washington. HB Holdings only has a presence in the Western District of Washington. *See* Ex. 1 at ¶¶ 10-21. Therefore, most of HB Holdings' employee

9

witnesses would have to travel over 2,700 miles to this District if this case were not transferred. *Id.* at ¶¶ 24-26. Plaintiff TTC, on the other hand, has a presence throughout the United States according to its own website at http://www.blackacestactical.com/dealer-section-ctv2, identifying dealers in dozens of states across the United States, including Washington. (included below). This includes a presence in the State of Washington. Thus, TTC likely has some employee witnesses that are already located on the West Coast of the United States or, alternatively, that are accustomed to traveling to the West Coast to work with its numerous dealers there. These employees would be less inconvenienced by having to travel to the Western District of Washington than would HB Holdings' witnesses having to travel to this District. Accordingly, this factor favors transfer.

> d. The locus of operative facts favors transfer.

Courts have held that the locus of operative facts favors transfer when the defendant's headquarters is located in the transferee forum and the majority of operative events occurred there. *Joao Bock Transaction*, Case No. 1:12-cv-028590-AT, slip op. at 7. The operative events include the design, development, marketing, manufacture, and alleged sale of the accused product. *Polyform A.G.P. Inc. v. Airlite Plastics Co.*, No. 4:10-cv-43 (CDL), 2010 WL 4068603, at *5 (M.D. Ga. Oct. 15, 2010). In addition, courts look at where the patent-in-suit was developed to determine the locus of operative facts. *See, e.g.*, *Merial*, 2010 WL 942294, at *3; *Spanx, Inc. v. Times Three Clothier, LLC*, No. 1:13-cv-710-WSD, 2013 WL 5636684, at *3 (N.D. Ga. Oct. 15, 2013).

HB Holdings' headquarters is outside of Seattle, Washington, within the Western District of Washington. *See* Ex. 1 at ¶ 10. Moreover, all activities of HB Holdings relating to the Typhoon 12 accused products—including research and development, marketing, and sales—all occur outside of Seattle, Washington or China. *Id.* at ¶¶ 21-23; Doc. 1 at ¶ 24.

Because significant activities relating to the alleged infringement occurred in the Western District of Washington, this factor favors transfer. *See Polyform*, 2010 WL 4068603, at *5 (finding that locus of operative facts favored transfer where the central location for most of the design, development, marketing, and manufacturing activities for the accused product was in the transferee district). The locus of operative facts is indisputably in the Western District of Washington, and, therefore, this factor favors transfer.

e. <u>The availability of process to compel the attendance of unwilling witnesses favors transfer.</u>

This factor favors transfer because the ability to compel the trial testimony of key non-party witnesses who reside in the Western District of Washington is outside of this District's subpoena power. As such, this factor favors transfer. *See Haworth*, 821 F. Supp. at 1479 (granting transfer because, among other things, third-party witnesses were subject to compulsory process by the transferee forum but were not subject to compulsory process by the transferor forum).

f. <u>Plaintiff's choice of forum is entitled to less deference.</u>

Because the operative facts relevant to this litigation are centered in the Western District of Washington, outside of TTC's chosen forum, this factor is entitled to less deference. *See Polyform*, 2010 WL 4068603, at \*7 ("this factor [plaintiff's choice of forum] is entitled to less deference when the operative facts are centered outside of this district …."). In addition, as discussed above, the convenience of the witnesses, one of the most important factors in a transfer analysis, weighs in favor of transfer. *See Fusionbrands*, 2013 WL 5423106, at \*7 (*citing Ramsey*, 323 F. Supp. 2d at 1356) ("Witness convenience is one of the most important factors in evaluating a motion to transfer under § 1404(a) …."). Thus, although Plaintiffs' choice of forum is entitled to some weight, the other factors favoring transfer, including the convenience of the witnesses and the locus of operative facts, outweigh TTC's choice of forum. *See Polyform*, 2010 WL4068603, at \*7 (ordering transfer despite recognizing that plaintiff's choice of forum was entitled to considerable weight, because plaintiff's choice of forum did not outweigh the other factors favoring transfer, including the locus of operative facts).

g. <u>The interests of justice factor favors transfer.</u>

The interests of justice favor transfer because the Western District of Washington has a strong local interest in resolving this dispute. The alleged activities set forth in Plaintiffs' Complaint for patent infringement allegedly originates or occurred entirely in the Western District of Washington. Furthermore, key witnesses, including Mr., Wong and representatives of HB Holdings, are located in the Western District of Washington. Finally, according to Plaintiffs' own allegations, the manufacture of the allegedly infringing products occurs in China, at least three times again as far away from this District that from the Western District of Washington. *See* Doc. 1 at ¶ 24.

11

III.    PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order:

(A) dismissing Plaintiff's Complaint against each Defendant with prejudice, for lack of personal jurisdiction;

(B) Dismissing Plaintiff's Complaint against each Defendant for improper venue; or, in the alternative, transferring this action to the Western District of Washington.

Dated this 15th day of February, 2017.

Respectfully submitted,

/s/ *Ryan T. Santurri*

Ryan T. Santurri, Florida Bar No. 15698
Allen, Dyer, Doppelt, Milbrath
  & Gilchrist, P.A.
255 S. Orange Avenue, Suite 1401
Orlando, FL 32801
Telephone:  407-841-2330
Facsimile:  407-841-2343
Email:  rsanturri@addmg.com

Of counsel:

Eric G. Maurer, Georgia Bar No. 478199
eric.maurer@thomashorstemeyer.com
Robert D. Gravois, Georgia Bar No. 600183
robert.gravois@thomashorstemeyer.com
THOMAS | HORSTEMEYER LLP
400 Interstate North Parkway SE
Atlanta, GA 30339
Phone: (770) 933-9500
Fax: (770) 951-0933

*Attorneys for Defendants Jason Wong and
Hurricane Butterfly Holdings, Inc.*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 15, 2017, I electronically filed the foregoing DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE, AND MEMORANDUM IN SUPPORT with the Clerk of Court using the CM/ECF system, and that a true and correct copy of the foregoing was served as indicated on all counsel or parties of record on the Service List below.

*/s/Ryan T. Santurri*
Ryan T. Santurri, Florida Bar No. 15698

### <u>SERVICE LIST</u>
*Eric Lemoine, et al. v. Jason Wong, et al.*
*Case No.: 17-60099-CV-UNGARO*
United State District Court, Southern District of Florida

*Service by electronic (e-mail) transmission to:*

Ryan T. Santurri, Florida Bar No. 15698
Allen, Dyer, Doppelt, Milbrath
   & Gilchrist, P.A.
255 S. Orange Avenue, Suite 1401
Orlando, FL 32801
Telephone:  407-841-2330
Facsimile:  407-841-2343
Email:  rsanturri@addmg.com

*Local Counsel for Defendants Jason Wong and*
*Hurricane Butterfly Holdings, Inc.*

Eric G. Maurer, Georgia Bar No. 478199
eric.maurer@thomashorstemeyer.com
Robert D. Gravois, Georgia Bar No. 600183
robert.gravois@thomashorstemeyer.com
THOMAS | HORSTEMEYER LLP
400 Interstate North Parkway SE
Atlanta, GA 30339
Phone: (770) 933-9500
Fax: (770) 951-0933

*Attorneys for Defendants Jason Wong and*
*Hurricane Butterfly Holdings, Inc.*

Louis R Gigliotti, Esq.
Louis R. Gigliotti,PA
1605 Dewey Street
Hollywood, Florida 33020
Telephone: (954) 471-4392
lgigliotti@bellsouth.net

*Attorney For Plaintiff*

13